IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHCOREY ROSS**                                                                                     **PLAINTIFF**

**VERSUS**                             **CIVIL ACTION NO. 2:22-cv-00094-TBM-RPM**

**TODD KEMP,** *et al.*                                                          **DEFENDANTS**

### TODD KEMP, BARRY WHITE AND JAMES MOSELY'S
### ANSWER TO PLAINTIFF'S COMPLAINT AND
### OPPOSITION TO PLAINTIFF'S RESPONSE TO ORDER

Come now, Todd Kemp, Barry White and James Mosely[1] (collectively "Defendants"), by and through counsel, and, in response to Plaintiff's Complaint (*CM/ECF Doc. No. 1*), and in opposition to Plaintiff's Response (*CM/ECF Doc. No. 4*) to this Court's Order (*CM/ECF Doc. No. 3*), would show unto the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint [1] and Response [4] (collectively "Pleadings") fail to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's pleadings fail to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the

---

[1] Answering defendants have identified "James Mosely" as James Mosley.

United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

**THIRD DEFENSE**

Answering defendants specifically assert and invoke all the privileges available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Todd Kemp, Barry White and James Mosely are entitled to qualified immunity as to the claims asserted against them in their individual capacities. More specifically, Todd Kemp, Barry White and James Mosely would affirmatively aver that the Plaintiff's Complaint and Response fail to allege a violation of a clearly established constitutional right, and that at all times, their conduct was objectively reasonable.

**FIFTH DEFENSE**

Insofar as any state law claims are concerned, answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.*, including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**SIXTH DEFENSE**

Answering defendants deny that they have been guilty of any actionable conduct.

2

**SEVENTH DEFENSE**

**ADMISSIONS AND DENIALS**

**COMPLAINT (*CM/ECF DOC. NO. 1*)**

And now, without waiving any defense heretofore or hereinafter set forth, answering defendants respond to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

**GENERAL INFORMATION**

A. Answering defendants admit the allegations of paragraph A. of Plaintiff's Complaint.

B. Answering defendants admit the allegations of paragraph B. of Plaintiff's Complaint.

C. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph C. of Plaintiff's Complaint and, as such, deny the same.

D. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph D. of Plaintiff's Complaint and, as such, deny the same.

E. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph E. of Plaintiff's Complaint and, as such, deny the same.

F. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph F. of Plaintiff's Complaint and, as such, deny the same.

## PARTIES

I. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph I. of Plaintiff's Complaint and, as such, deny the same.

II. Answering defendants admit that Todd Kemp, Barry White and James Mosely are employees of Clarke County, Mississippi, and may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and Mississippi Tort Claims Act. Answering defendants deny the remaining allegations of paragraph II. of Plaintiff's Complaint.

## OTHER LAWSUITS FILED BY PLAINTIFF

A. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph A. of Plaintiff's Complaint and, as such, deny the same.

## STATEMENT OF CLAIM

III. Answering defendants admit Plaintiff was booked into the Clarke County Jail on March 14, 2022. Answering defendants deny the remaining allegations of paragraph III. of Plaintiff's Complaint.

IV. Answering defendants deny the allegations of paragraph IV. of Plaintiff's Complaint.

## RESPONSE TO ORDER (*CM/ECF DOC NO. 4*)

Answering defendants deny the allegations of Plaintiff's Response to Order, as stated.

## EIGHTH DEFENSE

Answering defendants are protected by, and invoke, all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendants allege that they have met or exceeded the requirements of law and due care, and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

## TENTH DEFENSE

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel, and any other matter constituting an avoidance or affirmative defense available to Defendants.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the

United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

 (a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

 (b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

 (c) The procedures fail to provide a limit on the amount of the award against the defendant.

 (d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

 (e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

 (f) The procedures permit multiple awards of punitive damages for the same alleged act.

 (g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

 (h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

 (i) The standard of conduct upon which punitive damages are sought is vague.

## TWELFTH DEFENSE

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## THIRTEENTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

## FOURTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

## FIFTEENTH DEFENSE

Any allegations contained in Plaintiff's Complaint and Response to Court Order, which are not specifically admitted, are hereby denied.

And now, having answered Plaintiff's Complaint [1] and Response to Order [4] filed against them, answering defendants request that the same be dismissed, and that they be discharged with costs assessed against the Plaintiff.

**DATE:** November 11, 2022.

Respectfully submitted,

**TODD KEMP, BARRY WHITE AND JAMES MOSELY**

BY: */s/William R. Allen*
One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
KEVIN J. WHITE (MSB #101619)
Allen, Allen, Breeland and Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39601
Tel:    601-833-4361
Fax:    601-833-6647
wallen@aabalegal.com
kwhite@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for defendants, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Complaint and Opposition to Plaintiff's Response to Order with the Clerk of the Court using the ECF system and, that I have this day mailed, postage prepaid, a true and correct copy to the following non-ECF participant:

> Shcorey Ross
> Clarke County Jail
> 444 West Donald Street
> Quitman, MS 39355
> *Pro Se Plaintiff*

This, the 11th day of November, 2022.

/s/*William R. Allen*
OF COUNSEL