UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SHCOREY ROSS                                                                                    PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 2:22-CV-94-RPM

CLARKE COUNTY JAIL, ET AL                                                             DEFENDANTS

**MEMORANDUM AND ORDER OF DISMISSAL**

Plaintiff Shcorey Ross ("Ross"), proceeding *pro se*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint on July 15, 2022. He asserts excessive force, inadequate medical care, and various conditions-of-confinement claims. Doc. [1]. Ross is a pretrial detainee housed at the Clarke County Jail in Quitman, Mississippi. On April 28, 2023, Ross retained counsel. Doc. [39]. On June 30, 2023, Defendants filed a Motion for Summary Judgment. Doc. [43]. Ross filed a response on July 13, 2023. Doc. [45]. The Court held an evidentiary hearing on the issue of exhaustion on August 7, 2023.

    a. **Unexhausted Claims**

Ross alleges that Defendant Barry White on May 10, 2022, and Defendant Todd Mosely on May 26, 2022, used excessive force by tasing and macing him. As to his excessive force claims, Ross does not dispute that he failed to exhaust his administrative remedies. Rather, Ross argues that the grievance process was unavailable because jail staff prevented him from filing a grievance on his claims. At the evidentiary hearing, Ross testified that jail staff heard him request a grievance form, but never provided him the form. Despite filing numerous grievances on other issues, Ross contends that he should be excused from the exhaustion requirement because he could not file a grievance on the excessive force claims.

The Prison Litigation Reform Act ("PLRA") requires incarcerated and detained persons to exhaust available administrative remedies prior to bringing an action under § 1983. 42 U.S.C. § 1997e(a). The United States Supreme Court has explained that the PLRA's exhaustion requirement is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007). The United States Court of Appeals for the Fifth Circuit has held accordingly and clarified that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. *Gonzales v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012). Further, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901, *2 (S.D. Miss. Sept. 11, 2013). "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

"Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint." *Gonzalez*, 702 F.3d at 788. The Fifth Circuit has explained that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.* Exceptions to the exhaustion requirement are only appropriate where the administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "If the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not

'available' to the prisoner." *Aceves v. Swanson*, 75 F. App'x 295, 296 (5th Cir. 2003) (per curiam, unpublished).

At the evidentiary hearing, Ross testified that he was aware of the grievance process at the Clarke County Jail. Importantly, he testified that he was able to submit proper grievances on other issues. In fact, Ross testified that he submitted approximately ten grievances. He properly filed other grievances by completing inmate complaint forms before and after the subject incidents. For example, Ross was able to submit a grievance regarding his cell assignment, a claim not found in his complaint. Doc. [43-5]. At the evidentiary hearing, Ross testified that he drafted inmate complaint forms on behalf of multiple other inmates. Ross further testified that he was able to submit grievances on notebook paper. Defendant Barry White, the grievance officer, testified at the evidentiary hearing that inmates could also file grievances by writing their complaints on notebook paper. Ross testified that he often submitted grievances using notebook paper. As seen in the record, Ross submitted a grievance unrelated to his excessive force claims. Doc. [43-4]. Moreover, he testified that he had notebook paper in his cell to write his family.

Ross has not shown that Clarke County made the grievance process unavailable to him. He testified that he was familiar with the process and able to submit numerous grievances on other issues. Therefore, Ross' unsubstantiated allegations that he was unable to submit grievances on his excessive force complaints are not credible. *Jarvis v. Vergera*, 2023 WL 2386647, at *5 (N.D. Miss. Mar. 6, 2023) (citing *Ramirez v. Bureau of Prisons*, 2017 WL 3135934, *3 (S.D. Miss. May 31, 2017) (rejecting unavailability exception where evidence reflected plaintiff had filed many other grievances while in custody); *Banks v. Pearson*, 2010 WL 2817180 (S.D. Miss. Mar. 22, 2010) (same)); *Putnam v. Traylor*, 633 F. App'x 600 (5th Cir. 2016) (dismissal based on failure to exhaust when prisoner obtained grievance forms for other purposes).

Ross testified that he submitted other grievances before and after the alleged excessive force incidents, which occurred in May 2022. So, Ross could have raised those allegations in his later filed grievances. Additionally, at the evidentiary hearing, Ross could not remember any identifying information about the jail staff member he alleged had failed to bring him a grievance form. He has not offered any evidence, beyond his own testimony, to support that allegation. Thus, Ross fails to demonstrate that officials prevented, thwarted, or hindered him from availing himself of the administrative remedies. *See Gonzales v. Smith*, 304 F. App'x 298, 299 (5th Cir. 2008) (rejecting claimant's argument that he was prevented from timely filing a grievance because his assertions were conclusory and unsupported by any citations to evidence in the record); *Rodriguez v. Touhami*, 2022 WL 4351958, at *3 (E.D. Tex. July 21, 2022), aff'd, 2023 WL 4904311 (5th Cir. 2023) (finding plaintiff did not demonstrate the grievance process was unavailable when he only presented unsubstantiated assertions that prison officers thwarted his attempts to obtain a grievance form); *Harris v. Turner*, 2021 WL 1565790, at *5 (N.D. Miss. Apr. 21, 2021) (finding the prisoner failed to exhaust his administration remedies when he offered "no more than a vague, conclusory allegation" that a jail officer hindered the grievance process).

Moreover, Ross was aware that he could file grievances on notebook paper and had done so in the past. He testified that he had notebook paper available to him. It is implausible to think that Ross was unable to file proper grievances on the alleged excessive force events given his history of filing grievances and his access to notebook paper. Ross has not demonstrated that the administrative remedies were futile or unavailable. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010); *see also Gomez v. Harrison Cnty., Mississippi*, 2023 WL 4096697, at *3 (S.D. Miss. June 20, 2023); *Quick v. Hodge*, 2018 WL 842197, at *4 (S.D. Miss. Jan. 22, 2018).

### b. Inadequate Medical Care Claims

In his complaint, Ross asserts that he did not have access to a nurse 24-hours a day. He also alleges that he did not receive medical treatment following the alleged incidents of excessive force. Doc. [1], at 4. When a prisoner asserts the denial of medical treatment, a prisoner must establish deliberate indifference to a serious medical need. Proof of deliberate indifference requires the prisoner to show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir.2001). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). "Where the plaintiff alleges a delay in medical treatment, that delay must have resulted in substantial harm for the prisoner to recover." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

First and foremost, Ross testified that he did receive medical attention. At the omnibus hearing, Ross testified that he was seen by a doctor following the alleged excessive force events. Doc. [38], at 32. The doctor provided an eczema cream and another cream for a rash. *Id*. at 46. Ross testified that it helped with his sensitive skin. *Id*. Ross has not alleged any conduct by Defendants demonstrating deliberate indifference except as to Barry White. However, given the fact that Ross received medical treatment, Ross cannot meet his burden to establish that Defendants intentionally denied him access to medical care, ignored his complaints, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). Moreover, Ross cannot make out deliberate indifference because he merely disagrees with his treatment. To the extent Ross argues

prison officials should have provided him with different or sooner treatment, this allegation does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Randall v. Behrns*, 141 F. App'x 307, 309 (5th Cir. 2005) (prisoner's "allegations that he should have been examined sooner and that he should be receiving treatment allege mere negligence and disagreement with the decision not to treat his disease at this time"). The Constitution guarantees prisoners "only adequate, not optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845, at *4 (E.D. La. Apr. 4, 2012) (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)).

Similarly, Ross' claim that he did not have access to an on-site nurse twenty-four hours a day lacks merit. The fact that he did not have a nurse at the jail 24 hours or 7 days a week does not make medical care unavailable. Ross' testimony demonstrates that he had access to medical treatment. To the extent Ross takes issue with the jail's staffing, he merely disagrees with the treatment provided. See *Jackson v. Epps*, 2006 WL 1674301, at *2 (S.D. Miss. June 14, 2006) (finding plaintiff failed to state a constitutional violation when he argued the jail should have a doctor on location and a twenty-four-hour ambulance service); *McAllister v. Dean*, 2011 WL 1435501, at *2 (W.D. La. Jan. 25, 2011) (dismissing prisoner's claim that he was denied a 24-hour medical facility).

Ross' testimony presents substantial inconsistences. At the omnibus hearing, Ross argued he never received any medical treatment while later stating that a doctor prescribed him eczema creams. Thus, Ross contradicts, without explanation, his prior repeated sworn testimony. His statements cannot create a genuine issue of material fact to defeat summary judgment. See *Brooks v. Stringer*, 2007 WL 1087487, at *4 (S.D. Miss. Apr. 10, 2007) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 496 (5th Cir. 1996)).

Furthermore, Ross' medical care claim fails because he has not alleged more than a *de minimus* injury or shown that any delay in medical treatment resulted in substantial harm. *Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022). Ross testified that the alleged excessive force resulted in a flare-up of his eczema. Doc. [38], at 46. He stated that he had sensitive skin, and an eczema cream healed his injuries. *Id*. He also testified that he had a rash, which was healed by creams provided by the doctor. *Id*. Ross has not alleged a harm that created a risk of sufficient seriousness to his health and safety. See *Presley v. Sanders*, 2016 WL 6651375, at *4 (S.D. Miss. Nov. 10, 2016) (finding the prisoner's claim that he developed a rash did not create a risk of sufficient seriousness to the prisoner's heath); *see also Coleman v. Hogan*, 2018 WL 1998343, at *3 (S.D. Miss. Mar. 12, 2018) (finding prisoner's allegations of rash merely described annoyance and discomfort, not punishment or the deprivation of his basic human needs); *Mase v. Henry County Jail*, 2006 WL 3091046 at 1 (W.D. Va. Oct. 27, 2006) (even if plaintiff "suffered from a rash, such minor skin conditions do not rise to the level of a 'serious or significant physical injury'"); *Holder v. Hebert*, 2007 WL 4299996 at 3 (W.D. La. Nov. 8, 2007) (rash on legs is a *de minimis* physical injury). Based on the foregoing, Ross cannot establish the requisite deliberate indifference. Further, he has not shown that such deliberate indifference resulted in a substantial harm. *See Mendoza*, 989 F.2d at 195 ("delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in a substantial harm"). Therefore, his medical care claims against Defendants should be dismissed.

### c. Conditions-of-confinement Claims

Ross' conditions-of-confinement claims lack merit because they do not rise to the level of being denied "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const.

amend. VIII. "The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (per curiam) (internal quotations omitted)). Prison officials must provide humane conditions of confinement and ensure that inmates receive adequate food, water, clothing, shelter, and medical care. *Farmer*, 511 U.S. at 832 (1994). Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see, e.g.*, *Bernard v. Tong*, 192 F.3d 126 (5th Cir. 1999) (per curiam) ("Bernard's complaint alleges mental injuries, but fails to allege any physical injuries. Thus, his action is barred under the PLRA." (citations omitted)). *See also Barrett v. Washington Cnty., Miss.*, 2007 WL 474947, at *1 (N.D. Miss. Feb. 9, 2007) ("[t]he plaintiff's case must be dismissed because he has suffered no physical injury").

Ross alleges numerous conditions-of-confinement claims such as: black mold in the showers, inadequate cell sunlight due to a metal plate over the window, lack of hot meals, lack of access to the law library, and limited telephone access. Doc. [1]. Ross does not allege any injuries resulted from the conditions except for the lack of sunlight. At the omnibus hearing, Ross stated that it was "common sense" that he suffered a "lack of Vitamin C." Doc. [38], at 65. Ross has not demonstrated an extreme deprivation of the minimal civilized measure of life's necessities. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998); *See Jones v. City of Picayune, Miss.*, 2010 WL 4781178, at *6 (S.D. Miss. Jun. 1, 2010) (finding prisoner's allegation that his cell lacked sunlight because steel covered the windows did not rise to the level of a constitutional violation); *Eaton v. Magee*, 2012 WL 2459398, at *5 (S.D. Miss. June 27,

2012) ("plaintiff's claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation"); *Hubbard v. Corr. Corp. of Am.*, 2012 WL 3890950, at *1 (N.D. Miss. Sept. 7, 2012 (prisoner's "claims regarding cold food and sickness do not state a constitutional claim"); *Jarvis v. Pearl River Cnty. Sheriff's Dep't*, 2007 WL 4233121, at *10 (S.D. Miss. Nov. 27, 2007) (finding limited telephone access did not establish a constitutional violation). *Cf. Taylor v. Stevens*, 946 F.3d 211, 222 (5th Cir. 2019) (a prisoner articulated an Eighth Amendment claim after he was forced to live in two squalid cells where the entire surface—floors, ceilings, windows, walls, and water faucet—was covered with massive amounts of feces and emitted a strong fecal odor for six days).

As to the law library claim, Ross appears frustrated that the law library did not grant every request he submitted. At the omnibus hearing, Ross complained that the law library did not "always give me my request." Doc. [38], at 50. Attached to their motion, Defendants provide a grievance submitted by Ross. Doc. [43-4]. In the grievance, Ross requested the law library provide with him "ever case similar to mine" and cases related to "all human rights an[d] civil rights." *Id*. Ross' occasional denial of his law library requests cannot demonstrate a deprival of life's necessities. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"). Further, Ross is a pretrial detainee who testified that he had access to an attorney. Doc. [38], at 66.[1] "Inmates are entitled to either adequate law libraries or adequate assistance from persons trained in the law, but certainly not

---

[1] Ross also states in his complaint that "the lawyer they gave me was my co-defended's [sic] lawyer first." Doc. [1], at 5. This claim is completely unrelated to his conditions-of-confinement claims. Ross is a pretrial detainee that appears to complain of a conflict of interest with his criminal defense attorney. This claim is not cognizable under Section 1983.

both." *Easley v. Smith*, 2016 WL 6916789, at *2 (N.D. Miss. Nov. 23, 2016) (quoting *Meeks v. California Dep't of Corrections*, 1993 WL 330724 (9th Cir. 1993)).

Ross has neither alleged nor presented evidence of any actual injury from the alleged conditions. He has come forward with nothing to show that the conditions of which he complains were imposed for the purpose of punishing inmates, nor any evidence to show that such conditions resulted from any official policy or custom. Thus, the court finds Defendants are entitled to summary judgment on Ross' conditions-of-confinement claims.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [43] is granted for the above stated reasons and this civil action is DISMISSED WITH PREJUDICE as to all claims and all Defendants.

SO ORDERED AND ADJUDGED, this the 11th day of August 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE